UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 5:26-01482-ODW (RAO) | Date | April 6, 2026 |
|---|---|---|---|

| Title | *Gevork Petrosyan v. Markwayne Mullin, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner | Attorneys Present for Respondents |
|---|---|
| n/a | n/a |

**Proceedings:   IN CHAMBERS—ORDER REFERRING CASE TO THE FEDERAL
PUBLIC DEFENDER TO CONSIDER APPOINTMENT OF COUNSEL**

On March 27, 2026, Petitioner Gevork Petrosyan ("Petitioner"), a detainee in immigration custody proceeding by next friend, specifically, Petitioner's sister Gayane Petrosyan, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1 ("Pet."). Attached to the Petition is a declaration from Gayane Petrosyan stating that Petitioner suffers from a serious mental health condition that significantly limits his ability to understand complex situations and navigate legal proceedings. Pet. at 10.

On April 6, 2026, Respondents filed their Answer, stating that they are not presenting any opposition argument to the Petition at this time. Dkt. No. 5.

Pursuant to Fed. R. Civ. P. 17(c)(2), "[a] minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." "This Rule applies to habeas petitioners as it does to other civil litigants." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). "Although a non-attorney may appear in propria persona in [her] own behalf," this privilege is personal to her and she has no authority to appear as an attorney for others. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). Thus, a next friend cannot bring an action on behalf of an incompetent person without retaining a lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* Local Rule 83-2.2.1.

The Office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one. Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner. The FPD is **ORDERED** to file a response within **three days** of the issuance of this order, indicating whether the FPD will

---

| CV-90 | **CIVIL MINUTES—GENERAL** | ER |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 5:26-01482-ODW (RAO) | Date | April 6, 2026 |
|---|---|---|---|

| Title | *Gevork Petrosyan v. Markwayne Mullin, et al.* | Page | 2 of 2 |
|---|---|---|---|

represent Petitioner in this matter.[1]  This obligation shall be satisfied if the FPD files a notice of appearance in the case.  The Clerk of Court is **DIRECTED** to serve a copy of this order on the FPD.

**IT IS SO ORDERED**.

cc:  FPD

---

[1] The Court shortens the time period for the FPD to determine whether it is able to represent Petitioner based on the exigency presented by Petitioner's medical condition.

| CV-90 | **CIVIL MINUTES—GENERAL** | ER |
|---|---|---|