# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVORK PETROSYAN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,[1] *et al.*,<br><br>Respondents. | Case No. 5:26-cv-01482-ODW-RAO<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   **INTRODUCTION**

On March 27, 2026, Gevork Petrosyan ("Petitioner"), proceeding by a next of friend, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Markwayne Mullin, Pamela Bondi, Thomas Giles, James Pilkington, and Warden Geo Group in their official capacities (collectively, "Respondents"). Dkt. No. 1 ("Pet."). Petitioner is in immigration custody and being held at Adelanto ICE Processing Center in Adelanto, California. Pet. at 1.

The Petition states that Petitioner has been under a final deportation order since 1994, but the government has been unable to remove him. Pet. at 2. Petitioner was

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin, Secretary of Homeland Security, is hereby substituted as respondent.

re-detained on March 17, 2026, without notice or process after previously being on release. *Id*. at 2, 6, 9. The Petition claims that there is no significant likelihood of removal in the foreseeable future or any current plan to effectuate his removal. *Id*. Additionally, the Petition explains that Petitioner suffers from a serious mental health condition that significantly limits his ability to understand and navigate legal proceedings and requires structured care and supervision. *Id*. at 7. Petitioner's medical condition required transfer out of the detention facility for medical and psychiatric care. *Id*. at 6–7.

Petitioner raises three grounds: (1) that his continued detention is unlawful because his removal is not reasonably foreseeable; (2) his re-detention without notice or an opportunity to be heard violated due process; and (3) his continued detention is unlawful because it serves no legitimate purpose and is inappropriate given Petitioner's medical condition. *Id*. at 6.

On April 6, 2026, Respondents filed their Answer to the Petition. Dkt. No. 5. The Answer states that Respondents are not presenting an opposition argument at this time. *Id*. Petitioner, represented by court-appointed counsel, filed a Reply to Respondents' Answer to his Petition for Writ of Habeas Corpus on April 9, 2026. Dkt. No. 11.

## II. **DISCUSSION**

### A. **The Court has Jurisdiction**

The Petition is brought pursuant to 28 U.S.C. § 2241. While Respondents do not contest this Court's jurisdiction over the Petition, the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

///

2

Here, Petitioner seeks review of the legality of his detention.  *See generally* Pet.  Petitioner's due process claim challenges his re-detention, without any notice or an opportunity to be heard.  *See* Pet. at 2, 6.  Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (similar).

In sum, the Court has jurisdiction.

**B.     Petitioner's Re-Detention Violates Due Process**

Petitioner argues his re-detention without notice or an opportunity to be heard violates his procedural due process rights.  *See* Pet. at 6.  The Court agrees.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law."  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted).  Due process protections includes noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation.  *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id*. at 690.  The Due

Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner was originally detained by ICE under a final deportation order in 1994, and thereafter released and remained out of custody for the next 30 years. Pet. at 2, 6. Petitioner thus has a protected liberty interest in his continued freedom. *See M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (finding the petitioner had a protected liberty interest in remaining out of custody where she was determined not to be a danger to the community or a flight risk, was released, and complied with all conditions of her release); *Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025)

4

("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year.  This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal.").

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  This requires balancing the three factors the Supreme Court set forth in *Mathews*.  Courts must consider:  (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody.  Petitioner gained a liberty interest in his continued freedom when he was initially released.  Prior to his recent detention, Petitioner had been out of custody for nearly 30 years, and during that time, established a life in the United States and complied with the terms of his release.  Pet. at 6.  His detention denies him that freedom. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)); *see also Ramirez Tesara v. Wamsley*, No. CV 25-1723-MJP (TLF), 2025 WL 2637663, *3 (W.D. Wash. 2025) (finding that "[c]ontrary to Respondents' arguments, this private interest did not expire along with Petitioner's parole agreement").  The Court thus finds that Petitioner has a significant interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

///

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest his detention. Pet. at 6. There is no evidence that Respondents employed any procedural safeguards before detaining Petitioner. But under the circumstances here, due process requires that Respondents provide Petitioner with procedural safeguards, namely, notice and an explanation for the revocation of his release. *See M.S.L. v. Bostock*, No. CV 25-01204-AA, 2025 WL 2430267, at *4, 11 (D. Or. Aug. 21, 2025) ("ICE's failure to provide Petitioner with a timely Notice of Revocation or conduct an informal interview until nearly a month after taking her into custody is a grave violation of Petitioner's due process rights in that they deprived her both of meaningful notice and an opportunity to be heard"); *Fernandez Lopez v. Wofford*, 2025 WL 2959319, *6 (E.D. Cal. 2025) ("[T]he risk of an erroneous deprivation [of liberty] is high where, as here, [the petitioner] has not received any bond or custody redetermination hearing." (cleaned up)); *Pinchi*, 792 F. Supp. 3d at 1035 (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process"). Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, the value of additional procedural safeguards is high. *See A.E. v. Andrews*, No. CV 25-107-KES (SKO), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and an opportunity to be heard is low. Respondents have identified no legitimate interest that would support the specific detention of

Petitioner.   Indeed, as already noted, Respondents have made no arguments in opposition to the Petition.  Dkt. No. 5.  The Court finds that the Respondents' interest in detaining Petitioner without providing him with notice and an opportunity to be heard is minimal because the effort and cost required to provide Petitioner with those procedural safeguards is minimal.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  The third *Mathews* factor weighs in Petitioner's favor.

In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than he received.  *See Mathews*, 424 U.S. at 335.

Having concluded that Petitioner is entitled to more process than he was provided as explained above, and taking notice of Respondents' non-opposition to the Petition, the Court grants the Petition and will order Petitioner's immediate release.  The Court also enjoins Respondents from re-detaining Petitioner in a manner that is inconsistent with its regulations, the Constitution, and the laws of the United States.

///

///

///

///

///

///

///

///

///

///

///

7

## III.   CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is **GRANTED**.  IT IS HEREBY ORDERED THAT:

- Respondents are ORDERED to immediately release Petitioner from their custody and place him on the same conditions as previously imposed; and
- Respondents are ENJOINED from re-detaining Petitioner in a manner inconsistent with their regulations, the Constitution, and the laws of the United States.

IT IS SO ORDERED.

DATED: April 13, 2026

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

8